LHT



# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

JERRY TRULL, et al.,

                Plaintiffs,

vs.

DAYCO PRODUCTS, INC., et al.,

                Defendants.

_____/

Civil Action No. 1:02-cv-243

Honorable Lacy H. Thornburg

Class Action

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

July 6, 2004

# TABLE OF CONTENTS

Page

I.      GENERAL PRELIMINARY INSTRUCTIONS .....................................................   1

Defendants' Proposed Jury Instruction No. 1
Opening Instruction .................................................................................................   1

Defendants' Proposed Jury Instruction No. 2
Order of Trial ...........................................................................................................   4

Defendants' Proposed Jury Instruction No. 3
Claims and Defenses ...............................................................................................   5

Defendants' Proposed Jury Instruction No. 4
Province of Judge and Jury ....................................................................................   7

Defendants' Proposed Jury Instruction No. 5
Jury Conduct ...........................................................................................................   8

Defendants' Proposed Jury Instruction No. 6
Notetaking – Permitted ...........................................................................................   10

Defendants' Proposed Jury Instruction No. 7
Evidence in the Case ...............................................................................................   11

Defendants' Proposed Jury Instruction No. 8
Credibility of Witnesses ..........................................................................................   13

Defendants' Proposed Jury Instruction No. 9
What Is Not Evidence ..............................................................................................   14

Defendants' Proposed Jury Instruction No. 10
Evidence for Limited Purposes ..............................................................................   15

Defendants' Proposed Jury Instruction No. 11
Ruling on Objections ...............................................................................................   16

Defendants' Proposed Jury Instruction No. 12
Bench Conferences ...................................................................................................   17

Case 1:02-cv-00243-LHT    Document 138    Filed 07/07/04    Page 2 of 47

II.  GENERAL INSTRUCTIONS AT THE CLOSE OF EVIDENCE ...................... 18

Defendants' Proposed Jury Instruction No. 13
General Introduction ..................................................................... 18

Defendants' Proposed Jury Instruction No. 14
Use of Notes   ............................................................................. 19

Defendants' Proposed Jury Instruction No. 15
All Persons Equal Before the Law – Organizations............................. 20

Defendants' Proposed Jury Instruction No. 16
Evidence in the Case .................................................................... 21

Defendants' Proposed Jury Instruction No. 17
Preponderance of the Evidence ....................................................... 22

Defendants' Proposed Jury Instruction No. 18
"Clear and Convincing Evidence" – Defined....................................... 23

Defendants' Proposed Jury Instruction No. 19
"Direct" and "Circumstantial" Evidence – Defined .............................. 24

Defendants' Proposed Jury Instruction No. 20
Breach of Contract – Introduction..................................................... 25

Defendants' Proposed Jury Instruction No. 21
Breach of Contract – General Rules of Vesting................................... 26

Defendants' Proposed Jury Instruction No. 22
Breach of Contract – Elements of Proof ............................................. 27

Defendants' Proposed Jury Instruction No. 23
Breach of Contract – Test for Establishing That There
Was an "Agreement" ...................................................................... 28

Defendants' Proposed Jury Instruction No. 24
Breach of Contract – Test for Establishing a Breach ............................ 29

Defendants' Proposed Jury Instruction No. 25
Breach of Contract – Certainty of Obligation ...................................... 30

ii

Defendants' Proposed Jury Instruction No. 26
Breach of Contract – Difference Between "Lifetime" Benefits
and "Vested" Benefits ............................................................................ 31

Defendants' Proposed Jury Instruction No. 27
Breach of Contract – Applicable Rules of Contract Construction ........................ 32

Defendants' Proposed Jury Instruction No. 28
Breach of Contract – Extrinsic Evidence ................................................ 33

Defendants' Proposed Jury Instruction No. 29
Breach of Contract – Past Practice ........................................................ 34

Defendants' Proposed Jury Instruction No. 30
Breach of Contract – Refusal to Bargain Versus Vesting ...................................... 36

Defendants' Proposed Jury Instruction No. 31
Breach of Contract – FASB "Liabilities" and "Obligations" ................................ 37

Defendants' Proposed Jury Instruction No. 32
Breach of Contract – Statute of Limitations ............................................ 38

Defendants' Proposed Jury Instruction No. 33
Statute of Limitations – Applicable Limitations Period ........................................ 39

Defendants' Proposed Jury Instruction No. 34
Statute of Limitations – Accrual .......................................................... 40

Defendants' Proposed Jury Instruction No. 35
Statute of Limitations – Elements of Proof .......................................... 41

Defendants' Proposed Jury Instruction No. 36
Damages        .................................................................................. 42

IV.     GENERAL INSTRUCTIONS PRIOR TO DELIBERATION ............................. 43

Defendants' Proposed Jury Instruction No. 37
Duty to Deliberate ........................................................................ 43

Defendants' Proposed Jury Instruction No. 38
Election of Foreperson – Verdict Forms ................................................ 44

Defendants' Proposed Jury Instruction No. 39
Communications Between Court and Jury During Jury's Deliberations............... 45

# I.   GENERAL PRELIMINARY INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

### Opening Instruction

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial, you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff.  In this action, the plaintiffs are Jerry Trull, Don Henson, Floyd Sutton, Earl Johnson, Roderick Rogers, and Joyce Riggs, individually and as representatives of a class of similarly situated persons. The party being sued is called the defendant.  In this action, the defendants are Dayco Products, LLC, Mark IV Industries, Inc., Dayco Products, Inc. Group Medical Plan, and Mark IV Industries, Inc. and Subsidiaries Group Welfare Benefit Program

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

1

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial, you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. [*You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments about the trial.*]

From time to time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

2

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority:

§ 101.01, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

Case 1:02-cv-00243-LHT   Document 138   Filed 07/07/04   Page 7 of 47

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

### Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of their claim, and the defendants' lawyer may cross-examine the witnesses. Defendants may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses. [*If the defendants introduce evidence, the plaintiffs may then present rebuttal evidence.*]

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Authority:

§ 101.02, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

4

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

### Claims and Defenses

This case arises from Mark IV's implementation of cost caps with respect to retiree health insurance.

Plaintiffs claim that the implementation of these cost caps violated their rights under a series of collectively bargained insurance agreements. Although the agreements have expired Plaintiffs claim that the contracts created a "vested" right to health insurance benefits, which survived the expiration of the agreements. Plaintiffs further assert that their rights were vested at whatever level was in effect when they retired. As to persons retiring during the term of the "1995 Insurance Agreement," Plaintiffs acknowledge that cost caps were already in effect when they retired. However, they claim that the Company agreed to increase the caps by 5% for each year of the 1995 contract. In addition they assert that the Company violated its fiduciary duty under ERISA by renewing its contracts with UHC without requesting back up information from UHC regarding the renewal rates.

The company claims that the parties never intended that health insurance benefits would be vested. The company further asserts that, even if the had parties intended for health insurance benefits to be vested, the company would still have the right, for several reasons, to impose cost caps. With respect to the breach of fiduciary duty claim the company denies that it had any obligation to request back up date from UHC and, even if such data had been requested, that would not have resulted in lower premiums.

5

Another issue in the case is the statute of limitations. The Company asserts that the Plaintiffs delayed too long in bringing this suit and, therefore, the claims are barred by the statue of limitations. Plaintiffs deny that their claims are barred by the statue of limitations.

You the jury will decide the breach of contract claims and the statute of limitations defense. The Court will decide the claim for breach of fiduciary duty.

Authority:

§ 101.3, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.); Complaint ¶¶ 5, 7, 13.

6

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

### Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Authority:

§ 101.10, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

7

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

## Jury Conduct

To insure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.  Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.  If you need to tell me something, simply give a signed note to the bailiff to give to me.

Authority:

§ 101.11, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

9

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

### Notetaking – Permitted

During this trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must now allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

Authority:

§ 101.13, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

10

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

### Evidence in the Case

The evidence in the case will consist of the following:

1.     The sworn testimony of the witnesses, no matter who called a witness.

2.     All exhibits received in evidence, regardless of who may have produced the exhibits.

3.     All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that [*certain facts are true*] [*that a person would have given certain testimony*]. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

11

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inference or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Authority:

§ 101.40, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

### Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

Authority:

§ 101.43, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

### What Is Not Evidence

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Authority:

§ 101.44, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

14

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

### Evidence for Limited Purposes

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other reason.

Authority:

§ 101.45, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

### Ruling on Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

Authority:

§ 101.49, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

16

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12

### Bench Conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience and I will do what I can to limit the number and length of these conferences.

Authority:

§ 102.02, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## II. GENERAL INSTRUCTIONS AT THE CLOSE OF EVIDENCE

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

#### General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[*The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.*]

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority:

§ 103.01, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

18

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

## Use of Notes

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Authority:

§ 103.02, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15

### All Persons Equal Before the Law – Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

Authority:

§ 103.12, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

### Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to [*and all facts and events that may have been judicially noticed*].

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

[*I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.*]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Authority:

§ 103.30, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

21

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17

### Preponderance of the Evidence

Some parts of the claims and defenses in this case must be established by a preponderance of the evidence. Other parts must be established by evidence that is clear and convincing.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to is, having more convincing force, and producing in your mind's belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority:

§ 104.01, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

### "Clear and Convincing Evidence" – Defined

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Authority:

§ 104.02, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21

### Breach of Contract—General Rules on Vesting

With respect to retiree health insurance, the law distinguishes between vested and non-vested benefits. In the context of a collectively bargained health insurance plan, a vested health insurance benefit is one that is guaranteed beyond the expiration of a collective bargaining agreement and is not subject to modification or termination even after the collective bargaining agreement has expired. A non-vested benefit is one that is guaranteed only for the duration of the collective bargaining and is subject to modification or termination after the agreement has expired.

As general rule, the health insurance benefits created by a collective bargaining agreement are not "vested" and "do not survive the expiration of the agreement." Accordingly, an agreement that such benefits will be vested must be must be "clearly" stated.

In other words, there is no presumption that health insurance benefits are vested. Instead, it is presumed that such benefits are not vested. To overcome the presumption that health insurance benefits are not vested, the Plaintiffs must show that the parties clearly and expressly agreed that such benefits would be vested.


Authority:

*See* Defendants' Trial Brief at 3. *See also*:
*District 17 United Mine Workers v. Allied Corp.*, 735 F.2d 121, 127 (4th Cir. 1984);
*Gable v. Sweetheart Cup Co.*, 35 F.3d 851, 855 (4th Cir. 1994);
*Pierce v. Sec. Trust Life Ins. Co.*, 979 F.2d 23, 24 (4th Cir. 1992);
*District 29, United Mineworkers v. Royal Coal Co.*, 768 F.2d 588, 590 (4th Cir. 1985);
*District 17, United Mineworkers v. Allied Corp.*, 735 F.2d 121, 127 (4th Cir. 1984);
*Arens v. DeFries*, No. WN-93-1796, 1994 U.S. Dist. LEXIS 20726 (D. Md. Aug. 19, 1994);
*Keffer v. H.K. Porter Co., Inc.*, 872 F.2d 60, 63 (4th Cir. 1989).

26

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22

## Breach of Contract - Elements of Proof

In the present case Plaintiffs claim that the collective bargaining agreements created a vested right to health insurance benefits, which survived the expiration of those agreements. Plaintiffs further assert that their rights were vested at the level in effect when they retired. To prevail on these claims Plaintiffs must prove that: (1) there was an agreement between the company and the union as to whether retiree health insurance benefits would be vested; (2) the agreement was that benefits would be vested; (3) the caps imposed by the company were in violation of the agreement; and (4) the Plaintiffs have suffered damages. Plaintiffs will be entitled to a verdict in their favor only if they establish each of these elements by a preponderance of the evidence. The company will be entitled to a verdict in its favor if the Plaintiffs fail to establish any one of these elements.

Authority:

*See* Defendants' Trial Brief at 5. *See also*:
*Gable,* 35 F.3d at 856;
*Local 150, United Food & Commercial Workers v. Dubuque Packing Co.*, 756 F.2d 66, 70 (8th Cir. 1985);
*United Paperworkers International Union v. Jefferson Smurfit Corp.*, 771 F. Supp. 992, 994 (E.D. Mo. 1991);
*Eli Research, Inc. v. United Communications Group*, 312 F. Supp. 2d 748, 755 (M.D.N.C. 2004);
*Interstate Narrow Fabrics, Inc. v. Century USA, Inc.* 218 FRD 455, 462 (M.D.N.C. 2003).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

### Breach of Contract - Test For Establishing That There Was an "Agreement"

To establish that there was an agreement between the company and the union as to any of the issues in this case, Plaintiffs must show that the company and the union reached a "meeting of the minds" on that particular issue. A meeting of the minds occurs when both parties have verbalized or expressed their assent to a particular term and condition of the contract.

When determining whether the parties reached a meeting of the minds, you must consider only their outward expressions of intent as opposed to any unexpressed intent. A secret understanding or one that is not expressed is not binding.

When there is a misunderstanding as to the terms of a contract, no contract exists. Similarly, when the circumstances disclose an ambiguity in the meaning of an essential word by which one of the parties meant one thing and the other party meant something different, the result is that there is no contract.

Authority:

*See* Defendants' Trial Brief at 6. *See also*:
17A AM. JUR. 2D, *Contracts* § 26 (1991);
17A AM. JUR. 2D *Contracts* § 347 (1991);
*Princess Cruises v. General Electric Co.,* 143 F.3d 828, 834 (4th Cir. 1998);
*Silicon Image v. Genesis Microchip,* 271 F.Supp.2d 840, 850 (E.D. Va. 2003);
17A AM. JUR. 2d, *Contracts* § 31.

28

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24

### Breach of Contract - Test For Establishing a Breach

To establish a breach of the agreement it is not enough for the Plaintiffs to show that their benefits were vested. Instead, the Plaintiffs must also show that the contract prohibited the company from imposing cost caps. In determining whether the contract prohibited the company from imposing cost caps it is necessary to consider whether the insurance agreement required the company to provide retiree health insurance benefits at "no cost," whether the company agreed to provide any specific level of benefits, whether a cap on company contributions would constitute a change in benefits and whether the parties actually agreed to the costs caps that are at issue.

Authority:

*See* Defendants' Trial Brief at 7. *See also*:
*Diehl v. Twin Disc, Inc.*, 102 F.3d 301 (7th Cir. 1996).

29

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25

## Breach of Contract - Certainty of Obligation

To be binding, a contract must include enough terms and enough definition of those terms so as to enable you to determine the exact meaning of the contract and the precise legal liabilities of the parties. Where a contract is so vague and indefinite that the intention of the parties cannot be ascertained, it is unenforceable.

As applied to this case, this means that the contract must be sufficiently definite, not only in terms of whether benefits were intended to be vested, but also in terms of whether the insurance agreement required the company to provide retiree health insurance benefits at "no cost," whether the company agreed to any specific level of benefits that would be provided, whether a cap on company contributions would constitute a change in benefits and whether the parties actually agreed to the costs caps that are at issue. With respect to each such issue, the contract itself must provide an answer; the law does not allow you to make a contract for the parties.

Authority:

*See* Defendants' Trial Brief at 8. *See also*:
17A Am Jur 2d, *Contracts* § 196 (1991).

30

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26

### Breach of Contract - Difference Between "Lifetime" Benefits and "Vested" Benefits

Agreeing to provide benefits "until death" or until "age 65," is not the same thing as agreeing that benefits are "vested." Terms such as "until death" or until "age 65" often refer to the "duration of eligibility," as opposed to meaning that benefits are vested. If an employer agrees to provide benefits until death or until age 65, the employer may still have the right to change those benefits or even to terminate those benefits, depending on whether the parties agreed or did not agree that such benefits would be vested. To prevail on their claim, it is not enough for Plaintiffs to show that the company and the union agreed that Plaintiffs health insurance benefits would be provided "until death" or until "age 65." They must also establish an agreement that benefits would be vested.

Authority:

*See* Defendants' Trial Brief at 8. *See also*:
*Bidlack v. Wheelabrator Corp.*, 993 F.2d at 606-610;
*Joyce v Curtiss-Wright Corp*, 171 F3d 130, 134 (2d Cir. 1999);
*UAW v. Rockford Powertrain, Inc.*, 350 F.3d 698, 702 (7th Cir. 2003);
*Musto v. American General Corp.*, 86 F.2d 897, 908 at 6 (6th Cir. 1988);
*Gable,* 35 F.3d at 855;
*Moore v. Metropolitan Life Insurance Co.*, 856 F.2d 488, 490 (2nd Cir. 1988);
*Arens v. DeFries*, No. WN-93-1796, 1994 U.S. Dist. LEXIS 20726 (D. Md. Aug. 19, 1994).

31

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27

### Breach of Contract - Applicable Rules of Contract Construction

In determining whether the parties reached agreement on any of the issues in this case, it is necessary to first consider the language of the written agreement. This is especially true in that the law requires that a health insurance plan must be in writing and must be enforced as it is written. The language of the agreement must be given its ordinary meaning unless special meaning was intended. In addition, the terms of the written agreement must be read in conjunction with the other provisions of the agreement. If any provisions seem to be inconsistent, they must be read as being consistent to the extent practicable.

Authority:

*See* Defendants' Trial Brief at 9. *See also:*
17A AM. JUR. 2d *Contracts* § 347 (1991);
29 U.S.C. §1102(A)(1);
*Nachwalter v. Christie*, 805 F.2d 956, 960 (11th Cir. 1986);
*Musto v. American General Corp.*, 861 F.2d 897, 910 (6th Cir. 1988);
*Pierce v. Security Trust Life Insurance Co.*, 979 F.2d 23, 29 (4th Cir. 1992);
17 AM. JUR. 2D, *Contracts*, § 337 (1991);
*United States Fidelity and Guaranty Co. v. Guenther*, 281 U.S. 34, 37 (1930);
17A AM. JUR. 2D *Contracts* § 385 (1991);
17A AM. JUR. 2d *Contracts* § 384 (1991).

32

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28

### Breach of Contract - Extrinsic Evidence

If any terms of the contract are ambiguous, you may consider the other circumstances surrounding the agreement. These circumstances include: the proposals that were made during negotiations leading to the agreement, the statements that were made during such negotiations, the manner in which the company estimated the cost of providing retiree health insurance benefits, whether the parties agreed to fund the benefits, whether the parties specifically described the benefits as being vested, the manner in which benefits were described in the tentative agreements, the manner in which benefits were described to union members during the contract ratification meetings, the manner in which benefits were described in the summary plan descriptions and the manner in which the parties described other benefits in other documents.

Authority:

*See* Defendants' Trial Brief at 10. *See also*:
*CSX Transportation, Inc. v. United Transportation Union*, 29 F.3d 931, 936 (4th Cir. 1994);
*United Mine Workers of America v. Beth Energy Mines, Inc.*, 2001 WL 737558 (S.D. W.Va. 2001);
*Oil Chemical & Atomic Workers Union v. NLRB*, 842 F.2d 1141, 1144 (9th Cir. 1988);
*Northwest Administrators, Inc. v. BV & BR, Inc.*, 813 F.2d 223, 226 (9th Cir. 1987);
*International Longshoremen's Association v. Delta Steamship Lines, Inc.*, 636 F. Supp. 722, 732 (S.D. N.Y. 1986);
Fed. R. Evid. 602.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29

### Breach of Contract – Past Practice

In addition, you may consider the parties' past practices, to the extent that such practices are consistent or inconsistent with the positions they are asserting in the lawsuit. To be useful for purposes of interpreting a contract a past practice must be (1) unequivocal; (2) clearly enunciated; (3) clearly upon; and (4) readily ascertainable over an extended period of time as a fixed way of doing things, which was excepted by both Parties. In addition, the contract must be susceptible to more than one reasonable interpretation. A past practice cannot be used to change the explicit words of a contract; nor can it be used to modify or add to the contract.

Also, it is important to distinguish between conduct that is done because a party believes there is a contractual obligation to do so, and conduct that is done for other reasons. The mere failure to exercise a right under a contract does not mean that the right does not exist.

When a successor employer is involved, it is necessary to determine whether the successor employer has agreed to abide by the past practices of the predecessor. In making this determination it is necessary to consider all of the surrounding "circumstances."

In this case, there is no dispute that Dayco continued to provide health insurance benefits to retirees, even after the collective bargaining agreements had expired. In addition, it was Dayco's general practice, but not consistent practice, to provide the same level of benefits that were in effect when a person retired. The question to be resolved is whether Dayco did these things because the Company believed it was contractually obligated to do so or did the company

34

do so for other reasons?  In addition, in must be determined whether Mark II agreed or did not agree to be bound by Dayco's past practices.

Authority:

*See* Defendants' Trial Brief at 12.  *See also*:
F. Elkouri & E. Elkouri, How Arbitration Works, Custom and Past Practice 632 (5th ed. 1997);
*Wyandotte Chemical Corp.*, 39 Lab. Arb. (BNA) 65, 67 (1962), (Mittenthal, Arb.);
*White Baking Co.*, 38 Lab. Arb. (BNA) 216, 217 (1962) (McIntosh, Arb.);
*Kennecott Copper Corp.*, 35 Lab. Arb. (BNA) 386, 388 (1960) (Updegraff, Arb.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30

### Breach of Contract - Refusal to Bargain Versus Vesting

A common misunderstanding regarding retiree health insurance is that employers and unions are legally precluded from bargaining with respect to benefits for existing retirees. That is not the law.

Under the National Labor Relations Act, employers and unions are required to bargain with each other regarding the terms and conditions of employment for employees and future retirees. These are known as "mandatory subjects of bargaining." With respect to existing retirees, employers and unions are not required to bargain with each other, but that does not mean that they are prohibited from bargaining. It only means that bargaining with respect to existing retirees is a "permissive," as opposed to being a "mandatory" subject of bargaining.

Accordingly, when an employer or a union makes a proposal to add benefits or to change benefits for existing retirees, the other party has the option of considering that proposal or not. If the other party refuses to consider such a proposal that does not mean that benefits are vested; it simply means that the other party is exercising it's statutory right not to bargain with respect to existing retirees.

Authority:

*See* Defendants' Trial Brief at 14. *See also*:
29 U.S.C. § 185;
*Fibreboard Paper Products Corp. v. NLRB*, 379 U.S. 203, 238 (1964);
*Allied Chem. and Alkali Workers v. Pittsburgh Plate Glass*, 404 U.S. 157 (1971).

36

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31

### Breach of Contract – FASB "Liabilities" and "Obligations"

For accounting purposes the Federal Board of Accounting Standards has adopted rules regarding retiree health insurance. Under the FAS rules employers are required to report future health insurance expenses as being current liabilities or obligations. This is true even if the company has expressly reserved the right to modify and to terminate such benefits. The fact that a company has reported its future retiree insurance expenses as being obligations or liabilities does not mean that such benefits are vested.

In this case you have heard evidence and you have seen documents referring to the company's FAS "liabilities" and "obligations" with respect to retiree health insurance benefits. The fact that retiree health insurance expenses are referred to as "liabilities" and "obligations" does not mean that such benefits are vested.

Authority:

*See* Defendants' Trial Brief at 15. *See also*:
*International UAW v. Skinner Engine Co.*, 188 F.3d 130, 136 (3d Cir. 1999).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32

### Breach of Contract - Statute Of Limitations

Even when a breach of contract has occurred, the party suing to address the breach of contract must do so within the applicable statute of limitations. If the plaintiff does not sue within the applicable limitations period, the claim is barred.

Authority:

*See* Defendants' Trial Brief at 17. *See also*:
*Starr v. JCI Data Processing, Inc.,* 767 F. Supp. 633, 638 (D. N.J. 1991);
*Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975);
*Biros v. Spalding-Evenflo Co,* 934 F.2d 740, 743 (6th Cir. 1991);
*Ryder v. Phillip Morris, Inc.,* 946 F. Supp. 422, 428 (E.D. Va. 1996);
*WEGCO, Inc. v. Griffin Serv., Inc.,* 19 Fed. Appx. 68, 2001 WL 1094959 (4th Cir., Sept. 19, 2001).

38

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 33

### Statute of Limitations - Applicable Limitations Period

In a suit for breach of contract, the statute of limitations is three years. Similarly, in a suit for breach of an ERISA benefit plan, the statute of limitations is three years. Accordingly, plaintiffs were required to bring this suit within three years after their claim arose.

Authority:

*See* Defendants' Trial Brief at 18. *See also*:
*DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 158, 103 S. Ct. 2281 (1983);
*Dameron v. Sinai Hosp. of Baltimore, Inc.*, 815 F.2d 975, 981 (4th Cir. 1987);
*Glover v. First Union Nat'l Bank,* 428 S.E.2d 206, 208 (N.C. App. 1993);
*Wise v. Dallas & Mavis Forwarding Co.,* 753 F. Supp. 601, 606 (W.D. N.C. 1991).

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34

## Statute of Limitations - Accrual

Under federal law, a claim arises when the plaintiff becomes aware or reasonably should become aware of the facts underlying the claim. Thus, in a claim for breach of contract the claim arises when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. Even when the time for performance has not yet arrived, a breach of contract may occur when the defendant gives notice of its intent not to perform. In that situation, the claim arises and the statute begins to run when the defendant gives notice of its intent, as opposed to when the impact of that notice is felt

Authority:

*See* Defendants' Trial Brief at 18. *See also*:
*Starr v. JCI Data Processing, Inc.,* 767 F. Supp. 633, 638 (D. N.J. 1991);
*Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975);
*Biros v. Spalding-Evenflo Co,* 934 F.2d 740, 743 (6th Cir. 1991);
*Ryder v. Phillip Morris, Inc.,* 946 F. Supp. 422, 428 (E.D. Va. 1996);
*WEGCO, Inc. v. Griffin Serv., Inc.,* 19 Fed. Appx. 68, 2001 WL 1094959 (4th Cir., Sept. 19, 2001)

40

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 35

### Statute of Limitations - Elements of Proof

To prevail on its statute of limitations defense the Company must establish that (1) the acts constituting the alleged breach occurred more than three years prior to commencing the lawsuit; and (2) the plaintiffs knew of should have known of such acts more than three years prior to the commencement of their suit. If the Company establishes each of these elements, then the Company will be entitled to a verdict in its favor on the statute of limitations defense. If the Company fails to establish either of these elements, then the Plaintiffs will be entitled to a verdict in their favor on the statute of limitations defense.

Authority:

*See* Defendants' Trial Brief at 19. *See also*:
*See* Defendants' Proposed Jury Instructions 32-34.

41

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36

### Damages

In a claim for breach of contract, damages are limited to the amounts owing under the contract. Accordingly, when an employer charges more for retiree health insurance benefits than the employer is entitled to charge, damages would be limited to the difference between what the company charged and what the company was entitled to charge. Punitive damages and other non-contractual damages are not recoverable.

Authority:

*See* Defendants' Trial Brief at 20. *See also:*
22 Am. Jur. 2d Damages § 44 (2004);
ERISA Section 502, 29 U.S.C. § 1132(a)(1);
*Williams v. UNUM Life Ins. Co. of America,* 940 F. Supp. 136, 138 (E.D. Va. 1996);
*Reich v. Lancaster,* 55 F.3d 1034 (5th Cir. 1995);
*Island Creek Coal Company v. District 28,* 29 F.3d 126, 130 (4th Cir. 1994);
*United Food and Commercial Workers Local 400 v. Marval Poultry Co.,* 876 F.2d 346, 350 (4th Cir. 1989);
*Reinking v. Philadelphia American Life Ins. Co.,* 910 F.2d 1210, 1220 (4th Cir. 1990);
*Tingler v. Unum Life Insurance Company of America,* 2003 U.S. Dist. LEXIS 5455 (S.D. W. Va. 2003) at *16;
*Farrie v. Charles Town Races, Inc.,* 901 F. Supp. 1101, 1105-06 (N.D. W. Va. 1995).

## .IV.    GENERAL INSTRUCTIONS PRIOR TO DELIBERATION

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 37

#### Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority:

§ 106.01, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

43

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38

## Election of Foreperson – Verdict Forms

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

Forms of verdict have been prepared for your convenience. *[Read forms of verdict.]*

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

Authority:

§ 106.04, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 39

### Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they, too, as well as other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Authority:

§ 106.08, O'MALLEY, GRENIG, LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS (5th Ed.)

1004626_2

45