# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:02cv243

| | |
|---|---|
| JERRY TRULL, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAYCO PRODUCTS, INC., *et. al.*,) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiffs' motion to reopen the record of the trial on Count VII of the complaint to supplement evidence. Defendants oppose the motion.

The issue in Count VII is whether Dayco Products, Inc. (Dayco) breached a fiduciary duty to negotiate with United Health Care (UHC) for lower insurance premiums on behalf of the retired members of the plan. The Plaintiffs have advised that during discovery in the case of *Riggs, et. al. v. Dayco Products, LLC, et. al.*, Civil Case No. 1:05cv91, UHC responded to a subpoena *duces tecum* and produced 3,172 pages of

documents.[1] The Plaintiffs provided copies of those documents to the Defendants' attorneys. Based on the information contained within those documents, the Plaintiffs claim they now have evidence that during certain time periods at issue, Mark IV agreed to insurance premium increases for UHC which exceeded the premiums calculated by UHC's underwriter based on claims actually paid by UHC and the standard underwriting formula for renewals.

Defendants object to re-opening the record, claiming it will result in the necessity for additional discovery. Such discovery, they note, will require some witnesses who have already been deposed to be deposed again.[2] In the alternative, they request an additional period of discovery.

The information sought to be added to the record was uncovered in the course of discovery in the *Riggs* case. The parties have engaged in full discovery in that case; thus, the Court finds the possibility of prejudice unlikely. It is more likely that the issue of which the Defendants claim the need for discovery has already been fully investigated. Nonetheless, the

---

[1]The documents appear to have been served after the discovery period in *Riggs* ended on March 1, 2006.

[2]The Court does note that these witnesses may have in fact been deposed as to this very issue in connection with the *Riggs* case. This is a factor which certainly mitigates against the delay alleged by the Defendants.

Court will allow a further short period of discovery.

**IT IS, THEREFORE, ORDERED** that the parties may engage in a thirty day period of discovery concerning this issue.

**IT IS FURTHER ORDERED** that the end of that discovery period, the parties may, but are not required to, submit to the Court such further evidence as they desire to be considered in connection with Count VII. In ruling on the remaining count of the complaint, the Court will address at that time and rule on the re-opening of the record and the admissibility of any such evidence.

Signed: May 22, 2006

Lacy H. Thornburg
United States District Judge