# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

**JERRY TRULL, et al.,**

        **Plaintiffs,**                     **Case No. 1:02-cv-243**

**vs.**                                    **Honorable Lacy H. Thornburg**

**DAYCO PRODUCTS, LLC, et al.,**

        **Defendants.**

_____/

**JOYCE RIGGS, et al.,**

        **Plaintiffs,**

                                **Case No. 1:05-cv-91**

**vs.**

                                **Honorable Lacy H. Thornburg**

**DAYCO PRODUCTS, LLC, et al.,**

        **Defendants.**

_____/

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This Court having issued a notice of class action settlement hearing on December 20, 2006 ("Notice"), having held such hearing on March 2, 2006, and having considered the Settlement Agreement and its exhibits, all papers filed and proceedings had herein,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that:

1.     This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the class as defined below.

2.     The class in *Trull*, as previously certified by this Court, consists of all of the individuals in the following groups: (a) Those class members who (i) retired prior to July 2, 1992; or (ii) retired between July 2, 1992 and July 30, 1995 and elected to be treated as pre-addendum retirees, plus the surviving spouses of Subclass A retirees ("Subclass A"); and (b)

those class members who (i) retired between July 2, 1992 and July 30, 1995 and did not elect to be treated as pre-addendum retirees; or (ii) retired after July 30, 1995, plus the surviving spouses of Subclass B retirees ("Subclass B").  The individuals who are included in each subclass have been identified by agreement of the parties.  Attachment D to the Settlement Agreement (as corrected by the parties and submitted with the Joint Motion for Final Approval, *Trull* Dkt. No. 289; *Riggs* Dkt. No. 134) lists the members of Subclass A.  Attachments E and F (as corrected by the parties and submitted with the Joint Motion for Final Approval, *Trull* Dkt. No. 289; *Riggs* Dkt. No. 134) list the members of Subclass B.

3.      The class in *Riggs*, as previously certified by this Court, consists of all individuals: (i) who retired from the Local 277 Bargaining Unit on or after May 1, 1995, having met the eligibility requirements for medical insurance; (ii) who declined any available option to be treated as a "pre-addendum" retiree and instead chose to receive coverage under the plan of retiree medical insurance benefits promised in the 1995 Benefits Agreement; and (iii) who have one or more dependents eligible for coverage pursuant to the terms of the 1995 Benefits Agreement.  All members of the class in *Riggs* are included in Subclass B in *Trull*.  They are not separately identified in attachments to the Settlement Agreement.

4.      Effective upon entry of this Final Judgment and Order of Dismissal, the terms of the settlement set forth in the Settlement Agreement described above are approved as being in all respects, fair, reasonable and adequate to the class; all such terms, including all applicable definitions are incorporated herein by reference.

5.      Attachments D, D-2, and F to the Settlement Agreement have been corrected by agreement of the parties pursuant to the procedure described in Paragraph 27 of the Settlement Agreement.  Those corrected attachments, which were filed with the parties' Joint Motion for

Final Approval (*Trull* Dkt No. 289; *Riggs* Dkt. No. 134) are hereby approved and made part of the Settlement Agreement for all purposes.

6.     The parties to the Settlement Agreement have entered into two stipulations to amend the terms of the Settlement Agreement in respects that do not materially affect the rights of class members.  They have filed those stipulations for the Court's review and approval.  *Trull* Dkt. 293, 294-Ex. B; *Rigs* Dkt. 137, 138-Ex. B.  Court finds that those stipulated amendments do not require additional notice to the class, are fair, reasonable, and adequate, and are hereby approved and made part of the Settlement Agreement for all purposes.

7.     The parties to the Settlement Agreement shall comply with the terms of the Settlement Agreement, but only as to their respective obligations under the terms of the Settlement Agreement.

8.     As of the effective date of the settlement, the preliminary injunction entered by this Court in *Trull* on August 3, 2004, the preliminary judgment entered in *Trull* on October 8, 2004, the preliminary injunction entered by this Court in *Riggs* on June 17, 2005, and the injunction entered by this Court in *Trull* on June 1, 2005 are hereby vacated.

9.     All the claims asserted by the Plaintiffs in *Trull* and *Riggs* are dismissed with prejudice, and without costs or attorney fees (except as specifically provided in the Settlement Agreement), as to each such Plaintiff and class member.

10.     All Plaintiffs and class members in *Trull* and *Riggs* are forever barred and enjoined from instituting or prosecuting, either directly or indirectly, any rights, claims or causes of action, whether known or unknown, which any of them has or may have against any of the Defendants, their respective parents, subsidiaries, affiliates, their respective officers, directors, shareholders, employees and agents (including officers, directors, shareholders, employees and

agents of their respective parents, subsidiaries and affiliates), and their respective successors and assigns, heirs, executors and administrators (the "Releasees"), that relate to retiree medical benefits, as defined in the Settlement Agreement, or that involve the same or similar claims or allegations as this litigation, and which, in either case, could be asserted or could have been asserted up to and including the effective date of the settlement, including, without limitation, any claim for attorneys fees and costs.

11. The Releasees are forever released and discharged from any rights, claims or causes of action, whether known or unknown, which any Plaintiff or class member in *Trull* or *Riggs* has or may have against the Releasees that relate to retiree medical benefits, as defined in the Settlement Agreement, or that involve the same or similar claims or allegations as this litigation, and which, in either case, could be asserted or could have been asserted up to and including the effective date of the settlement, including, without limitation, any claim for attorneys fees and costs.

12. The parties are not barred, however, from instituting or prosecuting any claim which may arise regarding enforcement of the Settlement Agreement or this judgment incorporating it; nor are the parties waiving or releasing any such claims.

13. Neither the entry into the Settlement Agreement nor the consent to this Judgment may be construed or used as an admission by or against the Defendants of any fault, wrongdoing or liability whatsoever. Likewise, nothing in the Settlement Agreement may be construed or used as an admission by or against plaintiffs that Mark IV, Dayco and Mark IV Benefit Program are not liable as alleged in these Complaints. The settlement agreement, the settlement, this judgment, and any documents related to any of the foregoing shall not be offered or received in evidence in any civil, criminal or administrative action or proceeding or in any proxy contest,

including any against or concerning Defendants, any plaintiffs, or the United Steelworkers, other than such actions or proceedings as may be necessary to consummate or enforce the settlement agreement.

14.     The notice given to the class of the settlement agreement and the other matters set forth herein was the best notice practicable under the circumstances, was sufficient to provide due and adequate notice of all relevant proceedings and of the matters set forth therein to all persons entitled to such notice, and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

15.     The notices given to the appropriate federal and state officials, including the manner of giving such notice, comply with the requirements of the Class Action Fairness Act.  Notice to the United States Attorney General was served on February 21, 2007; following review of the settlement terms the Department of Justice provided a letter in which it stated that it deemed that notice to constitute service under CAFA and to satisfy the notice period under CAFA.   The Department of Labor, Office of the Solicitor, has also provided a letter stating that it "will not file an objection to the proposed settlement."  Although the Department of Justice has mentioned that service was not made upon it under Rule 4(i) of the Federal Rules of Civil Procedure, Rule 4(i) applies only to the service of summons and does not affect the validity or enforceability of the settlement under CAFA.

16.     Paragraph 10 of the Court's December 20, 2006, Order, stating that each class member electing to remain or enroll in the Silver Care Program or the Steelworkers Program/VEBA Plan is deemed to have released and covenanted not to sue with respect to all claims for UHC coverage, as well as any claims based on differences in coverage among the

plans in the event that upon any appeal of this Court's final judgment, the Fourth Circuit reverses this Court's final judgment, remains in effect as part of this Final Judgment.

17.    All payments to be made by Mark IV and/or Dayco to the VEBA in accordance with the Settlement Agreement are authorized by § 302(c)(2) of the Labor Management Relations Act, U.S.C. § 186(c)(2). The Steelworkers shall conduct an annual audit of the VEBA trust beginning in 2008.

18.    Without affecting the finality of this judgment, this Court retains continuing jurisdiction over: (a) implementation of this settlement; (b) disposition of any funds to class members entitled to such under the terms of the settlement agreement; and (c) all parties hereto for purposes of enforcing and administering the settlement agreement and exhibits thereto.

19.    In the event that the Settlement Agreement does not become effective in accordance with its terms, then this judgment shall be rendered null and void and be vacated, and the settlement agreement shall be rendered null and void.


Signed: April 9, 2007

Lacy H. Thornburg
United States District Judge


Approval by Counsel:


s/Julia Penny Clark

Julia Penny Clark
Attorney for Plaintiffs

Date: April 5, 2007

s/Joseph J. Vogan

Joseph J. Vogan
Attorney for Defendants

Date: April 5, 2007